IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CURTIS BERNARD KIRKPATRICK,        )
                                   )
            Petitioner,             )
                                   )
       v.                          )    1:07CV918
                                   )
BUTCH JACKSON, Supt. of            )
Nash Correctional Inst.,           )
                                   )
            Respondent.            )

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 17, 2002, Petitioner pled guilty in Guilford County Superior Court to three counts of attempted first-degree rape, three counts of attempted first-degree sex offense, and three counts of indecent liberties with a child, and was sentenced to a consolidated term of 156-197 months imprisonment in cases 02-CRS-77134 through -77142. Petitioner did not appeal, and he took no further action regarding his conviction until July 2, 2007, when he filed a pro se motion for appropriate relief ("MAR") in Guilford County Superior Court. Following the denial of his MAR on October 2, 2007, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. That court denied certiorari on November 7, 2007. Petitioner then filed the pending pro se federal habeas petition.

## Discussion

Respondent requests dismissal on the ground that the petition was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA and its amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another, meaning that both are "ordinary statutes of limitation and not jurisdictional bars." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

The one-year period for habeas petitions starts running from the date the conviction becomes final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see also United States v. Segers, 271 F.3d 181 (4th Cir. 2001)(federal conviction).

The limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the

-2-

period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

The Fourth Circuit, as well as a number of other courts, have also held that the one-year limitation period is subject to equitable tolling in two limited circumstances. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). First, it may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. Second, it may apply when extraordinary circumstances beyond the prisoner's control prevent him from timely filing despite diligent attempts to do so. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000).

In the instant case, Petitioner's conviction became final for purposes of direct review on October 17, 2002, the day the trial court entered judgment his case. Because Petitioner pled guilty, he had no right to appeal.[1] This means that his time to file his habeas petition under AEDPA expired 365 days after that date, i.e., on October 17, 2003. To toll the limitation period, he must show that he filed a state court request for review during that time period. He, of course, did not. His argument that the July 2007

---

[1]Because Petitioner pled guilty and does not contend that his sentence was in error, Respondent argues that he had no right to appeal. See N.C. Gen. Stat. § 15A-1444(a1). However, even if Petitioner was so entitled, the additional ten days this right adds to his limitation period does not make his petition timely.

-3-

state court filing tolled the limitation period from the date of his conviction until November 7, 2007, when the North Carolina Court of Appeals denied certiorari, is simply wrong. Petitioner ignores the fact that motions and petitions can only toll the period of limitations if they are filed within it. <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000). In this case, Petitioner's motion and petition were filed in 2007, well after his limitations period ended in 2003. The belated filings did nothing to revive the expired period. <u>Id.</u>

In the alternative, he argues that, even if his petition is untimely, this untimeliness should be excused because "he had to wait on paperwork from the state," and:

> [b]ecause of mild retardation and Petitioner still not knowing the law and statutes, and the fact that North Carolina Prisoners Legal Services stated "They could not help me". I could only rely on jailhouse lawyer to aid me and that's when I started filing Petitions, etc. [sic]

(Docket No. 2, p. 14.)

Unfortunately for Petitioner, his assertion as to the timeliness of his petition is simply incorrect, and none of his additional explanations entitle him to equitable tolling. These additional contentions are equally uncompelling.

Even assuming that Petitioner truly did not receive certain paperwork from the state courts, such a contention does not constitute wrongful conduct by the state or its officers or an extraordinary circumstance beyond Petitioner's control which prevented him from timely filing despite due diligence. <u>See</u> <u>Lloyd v. Van Natta</u>, 296 F.3d 630, 633-634 (7th Cir. 2002)(where

-4-

petitioner had at least constructive knowledge of the contents of his transcript, unavailability of the actual document did not prevent him from timely filing his habeas claim); see also Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001); Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002). Here, Petitioner does not allege that the paperwork in issue was necessary for him to discover "all the information he needed in order to file his claim on time." See Lloyd, 296 F.3d at 633. This being the case, he could have easily noted his unfulfilled document request in a timely petition. Instead, he waited more than three years to take any action at all in his case, evidencing a total lack of due diligence regarding his claims.

Next, as Respondent correctly asserts, Petitioner's mild retardation assertion fails on two fronts. A petitioner seeking equitable tolling on these grounds not only must prove that his mental incapacity is "profound," United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004); he must also show that this incapacity rendered him unable to pursue his legal rights during the limitations period, see, e.g., Rhodes v. Senkowski, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000). Here, in contrast, Petitioner himself refers to his mental disabilities as "mild," and he submits no evidence or argument of greater incapacitation. He also fails to make any showing that his "mild retardation" affected his ability to timely file in any way. Moreover, his filings here and in the state proceedings, as documented in Respondent's brief, belie the

claim of significant mental incapacitation. Therefore, his mental incapacitation claim is also clearly without merit.

Finally, unfamiliarity with the legal process and illiteracy do not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as such a ground, Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272. A petitioner's lack of representation does not serve as an excuse. Turner, 177 F.3d at 392; United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, Petitioner's ignorance of the law, lack of counsel, or ineffective assistance of counsel, like his prior assertions, cannot serve as bases for equitable tolling.

In addition, a prisoner must show diligence not only at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss (docket no. 5) is granted, that the habeas petition (docket no. 2) is denied, and that this action be, and the same hereby is, dismissed.

／s／ Russell A. Eliason
United States Magistrate Judge

June 3, 2008